*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ELTON JOHN THOMAS,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 360985
St. Clair Circuit Court
LC No. 20-001880-FH

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Defendant stole the victim's wallet at a gas station, and he later pleaded guilty to larceny from a person, MCL 750.357. Defendant was sentenced to three to 20 years' imprisonment, as a third-offense habitual offender, and he now argues that the trial court improperly scored 10 points for Offense Variable (OV) 4 because the victim did not suffer a serious psychological injury. We reverse and remand for proceedings consistent with this opinion.

The victim was shopping at a gas station when defendant approached him and pickpocketed his wallet, which included the victim's identification, medical cards, debit card, and hotel room key among other information. The victim yelled at defendant in the parking lot of the gas station when he noticed that his wallet was missing, and defendant pulled out the wallet.

At defendant's sentencing, the victim provided an impact statement to express that he suffered psychological and emotional harm because he had to figure out how to replace all of the items that were lost. According to the victim this included a loss of sleep, but he did not require or seek any treatment. Defendant argued that this did not rise to the level of a "serious psychological injury requiring professional treatment" as required for OV 4. MCL 777.34. The trial court found that the theft "absolutely set [the victim's] world upside down" and that 10 points for OV 4 were appropriate. Defendant now appeals regarding this issue.

When reviewing a trial court's decision with respect to sentencing guidelines, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute,

i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

MCL 777.34(1) allows a trial court to assign 10 points to OV 4 when there is a preponderance of evidence to establish that a "[s]erious psychological injury requiring professional treatment occurred to a victim." "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). Additionally, our Supreme Court clarified that "points for OV 4 may not be assessed solely on the basis of a trial court's conclusion that a serious psychologically injury would normally occur as a result of the crime perpetrated against the victim," and that "evidence of fear while a crime is being committed, *by itself*, is insufficient to assess points for OV 4." *People v White*, 501 Mich 160, 162; 905 NW2d 228 (2017).

In this case, the victim stated that his psychological injury resulted from having to deal with the consequences of the crime because he had to figure out how to replace all of the stolen items. Although the trial court found that the victim's "world [was turned] upside down" because the loss of personal information is more upsetting than losing other nonidentifying personal property, there was nothing to substantiate that the victim's psychological injury was not a normal result of the crime. Further, there is not a preponderance of evidence to support that the victim suffered a serious psychological injury that may require professional treatment. MCL 777.34(2). Although the evidence provided by the victim established that he suffered a psychological injury, the extent of that injury did not rise to the level of "seriousness" that our legislature requires to score OV 4 at 10 points. Therefore, we are left with a definite and firm conviction that a mistake was made when assigning 10 points to OV 4.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford